Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000369
28-AUG-2018
08:38 AM

NO. CAAP-17-0000369

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
AMBER HURT, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC161000642)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Chan, JJ.)

Defendant-Appellant Amber Hurt (Hurt) appeals from the
Judgment of Conviction and Probation Sentence, entered on
March 31, 2017, in the Circuit Court of the First Circuit.[1]

Hurt was convicted of Assault in the Third Degree, in
violation of Hawaii Revised Statutes (HRS) § 707-712 (2014)[2] and
Criminal Property Damage in the Fourth Degree, in violation of
HRS § 708-823 (2014).[3]  Hurt was sentenced to one year probation

---

[1]     The Honorable Paul B.K. Wong presided.

[2]     HRS § 707-712(1) states:

        (1)  A person commits the offense of assault in the
third degree if the person:

        (a)     Intentionally, knowingly, or recklessly causes
                bodily injury to another person; or

        (b)     Negligently causes bodily injury to another
                person with a dangerous instrument.

[3]     HRS § 708-823(1) states:

A person commits the offense of criminal property damage in
the fourth degree if by means other than fire, the person
intentionally or knowingly damages the property of another
without the other's consent.

with 150 days incarceration as a special condition for Assault in the Third Degree and 30 days incarceration for Criminal Property Damage in the Fourth Degree.

On appeal, Hurt contends (1) there was insufficient evidence to convict her of both charges and the State failed to disprove her justification defense of self-defense related to the assault charge and (2) the Circuit Court plainly erred by failing to provide the jury with a special interrogatory to indicate whether they found Hurt intentionally, knowingly, or recklessly caused bodily injury, negligently caused bodily injury with a dangerous instrument, or both.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hurt's points of error as follows:

(1) When the evidence adduced at trial is considered in the strongest light for the prosecution, State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998), there was sufficient evidence to convict Hurt of Criminal Property Damage in the Fourth Degree.

Hurt was observed by the complaining witness walking very close to his vehicle with her arm bent at a 90-degree angle. After exiting his vehicle, the complaining witness observed Hurt holding a pointy sharp object in her hand, which he later identified as a box cutter. The complaining witness then noticed a four-foot long horizontal scratch on his car. He did not give Hurt permission to scratch his car. Hurt stated to the complaining witness "you f'en haoles, you deserved this. You should go back. You don't belong here." Hurt admitted she caused the damage to the vehicle but claimed it was an accident. Given the difficulty of proving the requisite state of mind by direct evidence in a criminal case, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient. State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999). "Thus, the

2

mind of an alleged offender maybe read from his [or her] acts, conduct and inferences fairly drawn from all the circumstances." Id. (citation omitted). A reasonable inference is that Hurt intentionally, knowingly, or recklessly caused damage to the complaining witness's vehicle by holding a box cutter in a manner so as to cause a four foot long horizontal scratch as she walked by the vehicle and telling the complaining witness that he "deserved this."

There was sufficient evidence to convict Hurt of Assault in the Third Degree, in violation of HRS § 707-712(1)(a). "'Bodily injury' means physical pain, illness, or any impairment of physical condition." HRS § 707-700 (2014). When the complaining witness confronted Hurt, she turned around and swung a box cutter at him. Hurt swung her arm from side to side while they both shouted obscenities at each other. The complaining witness eventually pulled Hurt to the ground but could not make her release the box cutter in her hand. The complaining witness stated he was cut from the box cutter and it caused him pain. From the circumstantial evidence and inferences fairly drawn from all the circumstances, id., it could be concluded that Hurt acted intentionally, knowingly, or recklessly to cause the complaining witness bodily injury with a box cutter by swinging the box cutter in her hand from side to side after the complaining witness confronted her about damaging his vehicle.

There was also sufficient evidence to convict Hurt of Assault in the Third Degree, in violation of HRS § 707-712(1)(b). "When the law provides that negligence is sufficient to establish an element of an offense, that element also is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly." HRS § 702-208 (2014). As stated above, Hurt acted intentionally, knowingly, or recklessly when causing bodily injury to the complaining witness with a box cutter. Therefore, Hurt acted at least negligently when causing bodily injury to the complaining witness.

"'Dangerous instrument' means any firearm, whether loaded or not, and whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury." HRS § 707-700. "'Serious bodily injury' means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." HRS § 707-700. A box cutter is capable of causing death. Watkins v. State, 601 So.2d 187, 189 (Ala. Crim. App. 1992) (a box cutter is a dangerous instrument that may cause death); State v. Ortiz, 789 N.W.2d 761, 767 (Iowa 2010) (a box cutter may be used to inflict death or serious injury). Therefore, the box cutter Hurt used was a dangerous instrument.

Further, the prosecution disproves self defense beyond a reasonable doubt when the trier of fact believes the prosecution's case and disbelieves the defendant's case. State v. Jhun, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996). Here, the jury believed the prosecution's case.

(2) Hurt claims the Circuit Court plainly erred by failing to provide a special interrogatory to the jury to determine which subsection of assault Hurt was guilty of violating. Citing Yates v. United States, 354 U.S. 298, 312 (1957), Hurt contends a conviction should be set aside where the verdict is supportable on one ground but not another and it is impossible to tell which ground the jury selected. However, as we have already held there was substantial evidence supporting Hurt's conviction under either ground, there was "no reasonable possibility that the jury's verdict was based on an alternative unsupported by sufficient evidence." State v. Jones, 96 Hawai'i

161, 181, 29 P.3d 351, 371 (2001) (deciding under article I, section 5 of the Hawai'i Constitution).

IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's March 31, 2017 Judgment of Conviction and Probation Sentence is affirmed.

DATED: Honolulu, Hawai'i, August 28, 2018.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

5